UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | | |
|---|---|---|
| GEORGE ARTHUR, | ) | 3:11-cv-00804-HDM-WGC |
| Plaintiff, | ) ) ) | **ORDER** |
| vs. | ) ) | |
| DOCTOR MARTIN, *et al.*, | ) ) | |
| Defendant(s) | ) ) | |

On August 27, 2012, plaintiff filed a "Motion for Reconsideration On Appointment of Counsel, due to Mental Illness on Plaintiff" to which is attached a pre-printed form Motion for Appointment of Counsel. (Doc. #39.)[1] Again, plaintiff's pre-printed form is one which is to be utilized in Habeas Corpus matters.[2] The Defendants have opposed plaintiff's motion. (Doc. #43 at 3.) The court will consider plaintiff's motion or appointment of counsel (Doc. #39) in the context of his §1983 action.

The court notes initially that the Federal Rules of Civil Procedure do not provide for reconsideration of interlocutory orders, such as the one for which plaintiff seeks review herein. Nevertheless, the Court has inherent powers in managing its docket to reconsider interlocutory orders. *City of Los Angeles v. Santa Monica Baykeepers*, 254 F.3d 882 (9th Cir. 2001); *Katyl v. Penn Nat'l*

---

[1] This motion is the fifth motion filed by plaintiff either seeking appointment of counsel or reconsideration of the court's denial thereof. See Doc.#5 Motion for Appointment of Counsel, denied on 11/21/11 per Doc. #3; Doc. #11 Motion for Reconsideration, denied on 3/14/12 per Doc. #17; Doc. #12 Motion for Appointment, denied on 3/27/12 per Doc. #19; #35 Motion for Reconsideration for Appointment of Counsel, denied on 6/19/12 per Doc. #36.

[2] Plaintiff is advised that the rule to which plaintiff cites pertains to appointment of counsel in habeas corpus matters only. It is not applicable in a prisoner civil rights case.

1  *Gaming, Inc.*, 637 F.3d 462. 470 (n.4) (4th Cir. 2011); *Jones v. Bernanke*, 557 F.3d 670, 677-78 (D.C.
2  Cir. 2009).  The Court also recognizes that motions for reconsideration, to be valid, must state forth
3  a valid reason why the court should revisit its prior order along with a statement of those facts or law
4  which support reversing the court's earlier decision.  Plaintiff has not done so here.

5  Under that discretionary power, the court will review plaintiff's motion for reconsideration on
6  appointment of counsel (Doc. #39) in the context of his § 1983 action.

7  As before, the Court finds that the extraordinary circumstances necessary for appointment of
8  counsel to be missing from plaintiff's motion.  Although Plaintiff represents he has a mental illness
9  that will render him unable "to perform correctly for the court on my behalf" (*id*. at 1), plaintiff has
10 shown an ability to articulate and prosecute his claims, as demonstrated by the 14 motions he has filed
11 herein in addition to his civil rights complaint (see, e.g., Doc. ## 1, 4, 10, 11, 12, 13, 16, 20, 27, 33,
12 35, 38 and 40).  Plaintiff is also no stranger to litigation and the court notes his involvement in
13 Arthur v. Fikes, *et al*., 3:12-cv-00233-LRH-VPC, wherein he has filed some 7 motions during the five
14 months that case has been pending.

15  A litigant in a civil rights action does not have a Sixth Amendment right to appointed counsel.
16 *Storseth v. Spellman*, 654 F.2d 1349, 1353 (9th Cir. 1981).  In very limited circumstances, federal
17 courts are empowered to request an attorney to represent an indigent civil litigant.  The circumstances
18 in which a court will grant such a request, however, are exceedingly rare, and the court will make the
19 request under only extraordinary circumstances.  *United States v. 30.64 Acres of Land*, 795 F.2d 796,
20 799-800 (9th Cir. 1986); *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986).

21 A finding of such exceptional or extraordinary circumstances requires that the court evaluate
22 both the likelihood of Plaintiff's success on the merits and the *pro se* litigant's ability to articulate his
23 claims in light of the complexity of the legal issues involved.  Neither factor is controlling;  both must
24 be viewed together in making the finding.  *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991),
25 *citing Wilborn, supra,* 789 F.2d at 1331.  However, the district court exercises discretion in making
26 this finding.

27 Plaintiff's Complaint alleges that when he was taken off of psychiatric medication he suffered
28 certain ill effects, including constant vomiting which resulted in the development of a hernia. Plaintiff

2

claims Doctors Martin, Marr and Koch have allegedly refused to request hernia surgery from the Utilization Review Panel and that defendant Baker denied his grievances. He characterizes the hernia as painful, that he has problems using the restroom and he "can't do normal activities of daily life." (Screening Order, Doc. #3.)

Plaintiff's case, which is predicated upon allegations of denial or delay of medical care (Complaint, Doc. #4), is neither unduly complex nor necessarily complex. Absent such circumstances of case complexity, courts generally do not appoint counsel. *Wood v. Housewright*, 900 F.2d 1332, 1335-1336 (9th Cir. 1990). It is the plaintiff's burden to demonstrate the existence of such circumstances, and plaintiff has not done so here. *Wood*, 900 F.2d at 1335-1336. *Rand v. Rowland, 113 F. 3D 1520, 1525 (9th Cir. 1997), opinion restated in part, 154 F.3d 952, 954 (9th Cir. 1998 en banc).* Similarly, with respect to the *Terrell* factors, plaintiff has failed to convince the Court of the likelihood of success on the merits of his claims or the complexity of the legal issues involved.

Plaintiff's "Motion for Reconsideration On Appointment of Counsel, due to Mental Illness on Plaintiff" (Doc. #39) is **DENIED**.

**IT IS SO ORDERED.**

DATED: September 21, 2012

_____
WILLIAM G. COBB
UNITED STATES MAGISTRATE JUDGE

3