**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | | |
|---|---|---|
| GEORGE ARTHUR, | ) | 3:11-cv-00804-HDM-WGC |
| Plaintiff, | ) | |
| vs. | ) | **ORDER** |
| DOCTOR MARTIN, *et al.*, | ) | |
| Defendant(s) | ) | |

Before the Court is Plaintiff's "Motion for Request of Documents #10..." (Doc. #38) to which Defendants filed their opposition (Doc. #41). No reply was filed by Plaintiff.

Plaintiff's motion seeks production of "any and all medical lawsuits against Dr. Martin, Dr. Mar, Dr. Koehn, and Warden R. Baker, from 2007 to 2012." (Doc. #38 at 1.) Although Plaintiff's motion characterizes it as being "relevant to [Plaintiff's] case," Plaintiff does not describe the relevancy these other lawsuits may have upon the instant matter.

The Defendants correctly argue Plaintiff's motion to compel is a discovery motion subject to the "meet and confer" requirements of Local Rule 26-7. Although Plaintiff, an inmate, obviously cannot "meet" with defendants' counsel, he can confer to attempt to resolve the discovery dispute. L.R. 26-7 contemplates the parties undertake "personal consultation" to make a "sincere effort" to resolve the subject of the discovery dispute. Plaintiff fails to provide a statement he has done so as is required by L.R. 26-7(b). In that regard, the Court notes Defendants' counsel represents Plaintiff never contacted Defendants' counsel regarding any attempt to resolve the discovery dispute. (Doc. #41 at 2, fn. 2.)

However, even if Plaintiff's motion were not procedurally deficient, the Court doubts there is any relevance to "lawsuits" which may have been filed against Defendants. (Doc. #41-1 at 3.) The gravamen of Plaintiff's civil rights action was that he was taken off psychiatric medication, was not provided a hernia support belt and was denied hernia surgery. (Screening Order, Doc. #3 at 4.) These allegations were characterized therein as presenting a colorable Eighth Amendment claim. (*Id*.) Plaintiff fails to provide any rationale as to how evidence of other lawsuits will assist will assist Plaintiff in proving he had a serious medical need or that the defendants were deliberately indifferent thereto, which are the standards utilized to evaluate an Eighth Amendment claim. *Farmer v. Brennan*, 511 U.S. 825, 834, 837 (1994).

Plaintiff's "Motion for Request of Documents #10..." (Doc. #38) is **DENIED**.

**IT IS SO ORDERED.**

DATED: September 21, 2012

_____
WILLIAM G. COBB
UNITED STATES MAGISTRATE JUDGE