**UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA**

| | |
|---|---|
| GEORGE ARTHUR,  )<br>            )<br>  Plaintiff,  )<br>            )<br>  vs.       )<br>            )<br>DOCTOR MARTIN, *et al.*,  )<br>            )<br>  Defendants.  )<br>            ) | 3:11-cv-00804-HDM (WGC)<br><br>**REPORT & RECOMMENDATION<br>OF U.S. MAGISTRATE JUDGE** |

This Report and Recommendation is made to the Honorable Howard D. McKibben, Senior United States District Judge. This action was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. section 636(b)(1)(B) and the Local Rules of Practice, LR IB 1-4.

Before the court are two (2) identically-titled motions filed by Plaintiff George Arthur on different dates. The title of each motion is "Motion to Order Warden R. Baker at Ely State Prison to Comply with Administrative Regulation 722.02, Legal Assistance by Inmates." (*See* Docs. # 27, # 40.)

Arthur filed one motion on May 2, 2012. (Doc. # 27.) Defendants (specified below) opposed (Doc. # 29) and Arthur filed no Reply brief.

Arthur filed the other motion on August 27, 2012. (Doc. # 40.) Defendants opposed (Doc. # 42) and Arthur replied (Doc. # 48).

After a thorough review, the court recommends Arthur's motions should be denied.

**I. BACKGROUND**

Arthur, a *pro se* litigant in the custody of the Nevada Department of Corrections ("NDOC"), brings this civil rights action pursuant to 42 U.S.C. section 1983. (Pl.'s Compl. (Doc. # 4) at 1.) At all relevant times, Arthur was housed at Ely State Prison ("ESP") in Ely, Nevada, where he currently

resides. (*Id.* at 1-2.) Defendants are three NDOC physicians, Gregory Martin, David Mar, Michael Koehn and ESP Warden Renee Baker (collectively "Defendants," unless referred to individually or otherwise noted). (*Id.* at 2-8; Doc. # 29 at 1.)

## II. DISCUSSION

**A. Arthur's Complaint**

On screening, the court determined Arthur states a colorable claim for deliberate indifference to a serious medical need under the Eighth Amendment. (Doc. # 3 at 4.) Plaintiff alleges in 2009, he suffered from various side effects, including persistent vomiting, as a consequence of being taken off of psychiatric medication. (*Id.*) On September 1, 2009, after two weeks of submitting medical kites, Defendant Martin examined Arthur and determined he had suffered a hernia from vomiting. (*Id.*; Doc. # 4 at 4.) Dr. Martin ordered Prilosec–a stomach acid medication–and an abdominal support belt for Arthur. (Doc. # 3 at 4.) However, Arthur did not receive the medication for twenty-nine (29) days and he did not receive the support belt for thirty-six (36) days. (*Id.*) Further, in the months that followed, Arthur alleges Dr. Martin, Dr. Marr and Dr. Koehn refused to submit a hernia surgery request to the Utilization Review Panel. (*Id.*) He adds Warden Baker has denied his grievances. (*Id.*)

Arthur contends "if I was seen in time, instead of 2 weeks [later], I wouldn't have an abdominal hernia, along with pain and suffering." (Doc. # 4 at 5.) Due to his hernia, Arthur claims his movement is limited, he suffers from serious pain, and he has difficulty using the restroom. (*Id.* at 9) In short, Arthur argues he "can't do normal activities of daily life . . . ." (*Id.*)

**B. Arthur's Instant Motions (Docs. # 27, # 40)**

Both of Arthur's motions set forth the same allegations and request the same relief. Each motion avers that Warden Baker has failed to comply with NDOC Administrative Regulation ("AR") 722, which charges Baker to "[e]nsure that inmates have access to the judicial process by providing for reasonable access to the law libraries, inmate library assistants, and legal mailings." (Doc. # 40, Ex. A at 4.)

Specifically, Arthur contends assistance from the law library is necessary for him to do the basic research required to "prepare[] properly" for court. (Doc. # 40 at 2.) Yet, Arthur alleges that because

he is a "segregated inmate," he is "not allowed at the law library to do any research." (*Id*. at 1; Doc. # 27 at 1.) He claims "[t]here has never been a law library assistant, back here in this Segregated Unit . . . ." (Doc. # 27 at 1; Doc. # 40 at 1.) In addition, he alleges the "law library will not pull up my shepardized cases I need, due to they said, they don't know what cases are good for me." (Doc. # 27 at 1.) Arthur adds the "kite system" of legal research for inmates "does not work" because the inmate-litigants are best served by doing the research themselves on the computer. (Doc. # 40 at 2.)

Arthur argues he has "attempted to contact Warden R. Baker Supervisor of the law library, on this situation, but . . . [he has] been denied." (Doc. # 40 at 2.) (Citation omitted.) He requests the court's "approv[al]" of his motions to allow him "to go to, the law library for research . . . ." (Doc. # 27 at 2.)

**C. Analysis**

Liberally construing the allegations in Arthur's motions, as the court must, *see Karim-Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 623 (9th Cir. 1988), the court finds Arthur seeks some kind of injunctive relief. In particular, Arthur seeks an order from the court requiring Warden Baker to comply with AR 722, which pertains to law library access.

Clearly, as demonstrated above and as Defendants also point out, Arthur's instant motions are completely unrelated to his underlying civil rights claim. The former involve law library access while the latter involves a claim of deliberate indifference to a serious medical under the Eighth Amendment. Although the Ninth Circuit has not addressed the issue directly, other circuits have repeatedly held that a plaintiff seeking injunctive relief must show "[a] relationship between the injury claimed in the party's motion and the conduct asserted in the complaint." *Devose v. Herrington*, 42 F.3d 470, 471 (8th Cir. 1994); *accord Little v. Jones*, 607 F.3d 1245, 1250-51 (10th Cir. 2010); *Colvin v. Caruso*, 605 F.3d 282, 299-300 (6th Cir. 2010); *Omega World Travel, Inc. v. Trans World Airlines*, 111 F.3d 14, 16 (4th Cir. 1997).

As this case law explains, injunctive relief is used to address issues related to the underlying violations presented in the complaint. Here, therefore, Arthur is not permitted to file a complaint in federal court and then use that action as a forum to air his unrelated grievances. Such complaints are

3

properly lodged using the prison grievance system and, if they remain unresolved, by filing a new action. Accordingly, Arthur's motions (Docs. # 27, # 40) should be denied.

### III. RECOMMENDATION

**IT IS HEREBY RECOMMENDED** the District Judge enter an Order:

1. **DENYING** Arthur's Motion to Order; Warden R. Baker at Ely State Prison, to Comply with Administrative Regulation 722.02, Legal Assistance by Inmates (Doc. # 27); and

2. **DENYING** Arthur's Motion to Order, Warden R. Baker at Ely State Prison, to Comply with Administrative Regulation 722.02 Legal Assistance by Inmates (Doc. # 40).

The parties should be aware of the following:

1. They may file, pursuant to 28 U.S.C. section 636(b)(1)(c) and Rule IB 3-2 of the Local Rules of Practice, specific written objections to this Report and Recommendation within fourteen (14) days of receipt. These objections should be titled "Objections to Magistrate Judge's Report and Recommendation" and should be accompanied by points and authorities for consideration by the District Judge; and

2. This Report and Recommendation is not an appealable order and that any notice of appeal pursuant to Rule 4(a)(1) of the Federal Rules of Appellate Procedure should not be filed until entry of the District Judge's judgment.

DATED: November 29, 2012.

_____
WILLIAM G. COBB
UNITED STATES MAGISTRATE JUDGE